CV2214053

Filed 4/4/2022 3:29 PM
Lisa Pitre
District Clerk
Sabine County, Texas
By Lisa Pitre

**CAUSE NO.** ©V2214053

| | | |
|---|---|---|
| CANDI AND GARY VINCENT | § | IN THE DISTRICT COURT |
| *Plaintiffs* | § | |
| | § | |
| | § | |
| v. | § | _____ JUDICIAL DISTRICT |
| | § | |
| | § | |
| TWIN CITY FIRE INSURANCE | § | |
| COMPANY AND CAVALRY | § | |
| CONSTRUCTION & RESTORATION | § | |
| | § | |
| *Defendant* | § | SABINE COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, PLAINTIFFS, CANDI AND GARY VINCENT (the "Plaintiffs" or "VINCENT") complaining of and against TWIN CITY FIRE INSURANCE COMPANY ("Defendant" or "TWIN CITY") and CAVALRY CONSTRUCTION & RESTORATION ("CAVALRY CONSTRUCTION") and hereby respectfully show unto the Court and Jury as follows:

I.
DISCOVERY CONTROL PLAN

1.      Plaintiffs intend for discovery to be conducted under Level 1 of Texas Rule Civil Procedure 190.2. In the event that the parties require a more tailored form of discovery, the parties will submit a tailored discovery control plan to the Court, but otherwise ask that all deadlines imposed by Tex. R. Civ. P. 190.2 be followed in this matter.

*Plaintiffs' Original Petition*          Page **1** of **15**



TRUE AND CORRECT
COPY OF ORIGINAL
FILED IN SABINE COUNTY
DISTRICT CLERK'S OFFICE
PG 1 OF 15

## II.
## * PARTIES

2.     Plaintiffs CANDI AND GARY VINCENT are individuals, residents of Sabine County, Texas, and citizens of the state of Texas.

3.     Defendant, TWIN CITY FIRE INSURANCE COMPANY is a for-profit foreign insurance company doing business in the state of Texas. TWIN CITY FIRE INSURANCE COMPANY may be served with process at: C T Corporation System, 1999 Bryan Street Suite 900, Dallas, TX 75201.

4.     CAVALRY CONSTRUCTION is a domestic and licensed adjusting company engaged as an authorized agent for claims on behalf of insurance companies and performed the investigating and adjusting of the underlying claim in this lawsuit. CAVALRY CONSTRUCTION may be served with process by serving one of their officers at 6911 Breen Drive, Suite C, Houston, Texas 77086.

## III.
## JURISDICTION AND VENUE

5.     This Court has Jurisdiction over this case in that the amount in controversy exceeds the minimum jurisdictional limits of this Court.

6.     Venue is mandatory and proper in Sabine County, Texas because all or a substantial part of the events giving rise to the lawsuit occurred in this county (*see* TEX. CIV. PRAC. & REM. CODE § 15.002).

7.     TWIN CITY  engage in the business of insurance in the State of Texas.  The conduct of TWIN CITY  in the State of Texas includes:

   (a)     The making and issuing of contracts of insurance with the Plaintiffs;

   (b)     The taking and receiving the application of insurance for insurance from the Plaintiffs;

*Plaintiffs' Original Petition*          Page **2** of **15**



TRUE AND CORRECT
COPY OF ORIGINAL
FILED IN SABINE COUNTY
DISTRICT CLERK'S OFFICE
PG __2__ OF __15__

    (c)      The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from the Plaintiffs; and

    (d)      The issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including the Plaintiffs.

8.      Pursuant to Tex. R. Civ. P. 47, Plaintiffs plead that the amount in controversy is under $250,000, excluding interest, statutory or punitive damages and penalties, and attorney's fees and costs. *See* Tex. R. Civ. P. 47(c)(1).

## IV.
## CONDITIONS PRECEDENT

9.      All conditions precedent to recovery have been performed, waived, or have occurred.

## V.
## JUDICIAL NOTICE

10.      Plaintiffs request this Court take judicial notice of Title 28 of the Texas Administrative Code, specifically 28 T.A.C. §21.201 et seq. relating to "Unfair Claims Settlement Practices Rules" including 28 T.A.C. §21.203 through §21.205. *See* Tex. R. Evid. 204(b)(2).

11.      Plaintiffs request this Court take judicial notice of 28 T.A.C. §5.997(a), (d)-(e), which incorporates the Texas Department of Insurance's "Consumer Bill of Rights" for homeowners, dwelling, and renter's insurance. *See* Tex. R. Evid. 204(b)(2).

## VI.
## AGENCY: ACTUAL/APPARENT AUTHORITY

12.      At all times relevant hereto, CAVALRY CONSTRUCTION (and its employees) were acting as agents of TWIN CITY with actual or apparent authority and within the course and scope of their agency relationship.

*Plaintiffs' Original Petition*      Page **3** of **15**



TRUE AND CORRECT
COPY OF ORIGINAL
FILED IN SABINE COUNTY
DISTRICT CLERK'S OFFICE
PG __3__ OF __15__

## VII.
### FACTS

A. The Policy.

13.    TWIN CITY    sold Plaintiffs a homeowner's insurance policy, policy number 61RBB829441 (hereinafter referred to as the "policy").  The policy in question contains coverage for damages sustained by Hurricane Laura on August 27, 2020, and Hurricane Delta on October 9, 2020.  During the underwriting process, TWIN CITY  determined that the risk was acceptable without any modifications, alterations, or changes to the property.

14.    The insuring agreement required the Plaintiffs to make payments to TWIN CITY   and in exchange the insurance company would indemnify the Plaintiffs in the event of a covered loss. Plaintiffs faithfully paid the required premium, and the relevant policies are currently in full effect, providing property, personal property, loss of use, and other coverages.

15.    Plaintiffs reasonably expected that the policy they purchased from TWIN CITY   included coverage for hurricane damage including coverage for her dwelling, other structures, personal property, debris removal, and loss of use of the property.

B. Hurricanes Laura and Delta

16.    Hurricane Laura reached Category 4 status with wind speeds of 150 MPH and gust of 185 MPH as landfall was made around 1:00 AM on August 27, 2020, near Cameron, Louisiana. Hurricane Laura maintained 140 MPH wind speed with gust of 185 MPH as it passed just east of Hackberry, Louisiana.  Laura maintained Category 4 status until passing Dequincy, Louisiana. Hurricane Laura maintained Level 1 status until passing Jonesboro, LA.

17.    The property in question is less than 70 from passage of the eye center.  Hurricane force winds extended out from the eye sixty miles.  The property in question sustained hurricane-forced

*Plaintiffs' Original Petition*          Page **4** of **15**



TRUE AND CORRECT
COPY OF ORIGINAL
FILED IN SABINE COUNTY
DISTRICT CLERK'S OFFICE
PG_____ OF_____

winds, including gusts in excess of sustained winds, from the only Category 4 hurricane to make landfall in Louisiana.

18.     Because of the severity of Hurricane Laura, the Plaintiffs were under mandatory evacuation beginning on August 25 and extending until August 28, 2020.

19.     Hurricane Delta made landfall in Creole, LA on October 9, 2020, as a Category 2 hurricane. Hurricane Delta exhibited winds at 70 mph along with wind gusts of approximately 115 mph.

20.     On or about August 27, 2020, Plaintiffs' property sustained damages from Hurricane Laura, and again from Hurricane Delta on or about October 9, 2020 (hereinafter "the Hurricanes"). The hurricanes caused major damage to the Plaintiffs' home, rendering it "unfit to live in." The damage includes damage to the roof, exterior elevations, interior of the dwelling, and other structures.

C.     The Insurance Claim

21.     Plaintiffs filed claim with their insurance company, TWIN CITY, for the damages to their property caused by the Hurricanes.   Plaintiffs asked that TWIN CITY   cover the cost of repairs to the property pursuant to the policy and any other available coverages under the policy.

22.     TWIN CITY   outsourced its investigative duties, claims handling, and coverage decisions to CAVALRY CONSTRUCTION. Their adjuster, Josh Ziegler, performed an inspection of the property for Hurricane Laura damages on August 31, 2020. The inspection failed to identify all the damage to the roofing system, exterior elevations, deck, and interior of the home, including the kitchen and living room.

23.     On September 22, 2020, TWIN CITY sent Plaintiffs an email notifying Plaintiffs that a payment was tendered in the amount of $148,112.57 for wind or hail damage to the home, for what

*Plaintiffs' Original Petition*     Page **5** of **15**



TRUE AND CORRECT
COPY OF ORIGINAL
FILED IN SABINE COUNTY
DISTRICT CLERK'S OFFICE
PG 5   OF 15

it deemed as covered damages. The amount offered for the covered damage failed to include all

of the damaged property; withholding $50,055.16 in depreciation.

24.     An independent assessment of the damage concluded that the damages to the property were

in excess of the amount paid by the Defendant. In addition, Defendant made payments to the

Insured late – both on the contractual deadlines and the Texas Insurance Code. Significant dates

in the claims handling are described in the table below:

| Date | Activity |
|------|----------|
| August 25, 2020 | Mandatory Evacuation order issued for Milam County, Texas |
| August 27,2020 | Hurricane Laura makes landfall |
| August 28, 2020 | Mandatory Evacuation order lifted |
| August 31, 2020 | CAVALRY CONSTRUCTION inspects the property on behalf of TWIN CITY – Plaintiffs demonstrate all areas of damage and request additional living expenses for the loss of use of their home and TWIN CITY issues payment in the amount of $10,000 as an advance towards personal property |
| September 8, 2020 | Insureds notify TWIN CITY that they had located a long-term trailer rental for living arrangements |
| September 10, 2020 | TWIN CITY issues a payment in the amount of $1,600.00 for temporary housing. The payment is recurring monthly while Plaintiffs repair their home |
| September 22, 2020 | TWIN CITY issues payment for what TWIN CITY deems as covered damages |
| October 9, 2020 | Hurricane Delta damages Plaintiffs' home |
| November 10, 2020 | TWIN CITY issues payment in the amount of $13,468.12 for Contents for Hurricane Laura |
| June 22, 2021 | Karrcpau Consulting LLC, a local independent construction expert, inspects the property for damages sustained by both Hurricanes on behalf of Plaintiffs and finds damages totaling an amount over the policy limits |
| October 14, 2021 | Plaintiffs email TWIN CITY inquiring why TWIN CITY failed to pay the agreed amount of $1,600.00 for temporary housing for the months of September and October 2021. To date, TWIN CITY has not responded to this inquiry |
| January 6, 2022 | Undersigned counsel sends demand for ALE |
| January 24, 2022 | Undersigned counsel issues Notice Letter to TWIN CITY |
| February 28, 2022 | TWIN CITY Responds to notice letter disagreeing with merits of notice letter. |

TRUE AND CORRECT
COPY OF ORIGINAL
FILED IN SABINE COUNTY
DISTRICT CLERK'S OFFICE
PG___6___OF_15

25.    TWIN CITY   failed to conduct a reasonable investigation and failed to properly adjust the
claim, which resulted in an improper denial of part of Plaintiffs' claim.  Defendant's unreasonable
investigation resulted in an improper denial of a valid claim and underpayment of proceeds due
under the policy.  As a result of Defendant's unreasonable investigation and handling of the claim,
the damages to Plaintiffs' property worsened.  As a further cause of defendant's acts and
omissions, Plaintiffs sustained and continues to sustain damages as a result of defendant's conduct.

26.    To date, TWIN CITY   continues to deny coverage for a valid claim and continues to deny
payment for proceeds due under the policy.  As such, Plaintiffs' claim remains unpaid, and
Plaintiffs has not been able to properly repair the Property.

27.    TWIN CITY   failed to perform its contractual duty to adequately compensate Plaintiffs
under the terms of the policy.  Specifically, it failed and refused to pay full proceeds of the Policy,
although due demand was made for proceeds to be paid in an amount sufficient to cover the
damaged Property and all conditions precedent to recovery upon the Policy had been carried out
and accomplished by Plaintiffs.  TWIN CITY'S conduct constitutes a breach of the insurance
contract between TWIN CITY   and Plaintiffs.

28.    TWIN CITY     misrepresented to Plaintiffs that not all of the damages sustained by
Hurricane Laura were covered.  TWIN CITY'S conduct constitutes a violation of the Texas
Insurance Code, Unfair Settlement Practice.  TEX. INS. CODE §541.060 (a) (1).

29.    TWIN CITY   failed to attempt to settle Plaintiffs' claim in a fair and equitable manner,
although TWIN CITY'S  liability to pay Plaintiffs was reasonably clear under the Policy.  TWIN
CITY'S conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.
TEX. INS. CODE §541.060 (a)(2)(A).



TRUE AND CORRECT
COPY OF ORIGINAL
FILED IN SABINE COUNTY
DISTRICT CLERK'S OFFICE
PG____1____OF__15

30.     TWIN CITY   refused to fully compensate Plaintiffs under the terms of the Policy, even
though TWIN CITY   failed to conduct a reasonable investigation. Specifically, TWIN CITY
performed an outcome-oriented investigation by ignoring evidence supporting coverage. TWIN
CITY'S unreasonable investigation resulted in a biased, unfair, and inadequate evaluation of
Plaintiffs' losses and resulted in further damage to Plaintiffs' property. TWIN CITY'S conduct
constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE
§541.060(a)(7).

31.     TWIN CITY   failed to meet its obligations under the Texas Insurance Code regarding
timely acknowledging Plaintiffs' claim, beginning an investigation of Plaintiffs' claim, requesting
all information reasonably necessary to investigate Plaintiffs' claim within the statutorily
mandated time of receiving notice of Plaintiffs' claim, and timely making payments. TWIN
CITY'S conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.
TEX. INS. CODE §542.055.

# VIII.
## CAUSES OF ACTION

COUNT 1: TWIN CITY   breached its contract with Insureds.

32.     Plaintiffs incorporate by reference the above paragraphs as if stated herein more fully.

33.     To prevail on a valid breach of contract claim, a Plaintiffs must prove that 1) there was a
valid contract; 2) that Plaintiffs has performed her obligations under the contract or tendered
performance; 3) that the defendant has breached the contract in some manner; and 4) Plaintiffs
has sustained damages as a result of defendant's breach. *See Brooks v. Excellence Mortgage,
Ltd.*, 486 S.W.3d 29, 36 (Tex.App.—San Antonio 2015, pet. denied).

34.     At the time  Hurricane Laura damaged Plaintiffs' property, Plaintiffs had in place a
policy issued by TWIN CITY. Defendant does not dispute that a valid contract was in place.

*Plaintiffs' Original Petition*                 Page **8** of **15**



TRUE AND CORRECT
COPY OF ORIGINAL
FILED IN SABINE COUNTY
DISTRICT CLERK'S OFFICE
PG   8   OF  15

35.   Plaintiffs' premiums were current, and all conditions precedent to recovery were made. Furthermore, Plaintiffs fulfilled their obligations under the policy, and more specifically, executed their duties under the contract after the loss.

36.   TWIN CITY   wrongfully failed to comply with the terms of the contract, as it relates to their duties after loss, by failing to conduct a reasonable investigation and timely pay Plaintiffs the full benefits owed after a covered loss. TWIN CITY is therefore in breach of the contract of insurance issued to Plaintiffs.

37.   TWIN CITY'S   conduct constitutes a breach of contract resulting in damages to the Plaintiffs.

COUNT 2: TWIN CITY   violated the Deceptive Trade Practice Act.

38.   Plaintiffs incorporate by reference the above paragraphs as if stated more fully herein.

39.   Plaintiffs are a "consumer" as defined by TEX. BUS. & COMM. CODE § 17.45(4).

Plaintiffs sought or acquired goods or services by purchasing those goods or services from TWIN CITY. TWIN CITY violated the TEXAS DECEPTIVE TRADE PRACTICES ACT ("DTPA") (TEX. BUS. & COM. CODE §17.44 et seq.) because they engaged in false, misleading and/or deceptive acts or practices that Plaintiffs relied on to their detriment.

40.   The acts and omissions of Defendants also constitute violations of the Texas Deceptive Trade Practice Act, including, but not limited to:

       a.   Committing false, misleading, or deceptive acts or practices as defined by §17.46(b); and

       b.   Use of employment of an act or practice in violation of the Texas Insurance Code Chapter 541.151 et seq. as described herein.

41.   The acts and omissions of Defendants were a producing cause of the Plaintiffs' damages.



TRUE AND CORRECT COPY OF ORIGINAL FILED IN SABINE COUNTY DISTRICT CLERK'S OFFICE PG 9 OF 15

42. Defendant's conduct was committed knowingly and/or intentionally because, at the time of the acts and practices complained of Defendant had actual awareness of the falsity, deception or unfairness of the acts or practices giving rise to Plaintiffs' claim and they acted with a specific intent that Plaintiffs act in detrimental reliance on the falsity or deception and/or in detrimental ignorance of the unfairness.

43. Plaintiffs gave Defendant notice as required by DTPA §17.50(a), and time to respond to such notice has expired.

    COUNT 3: TWIN CITY violated §541 et seq. Texas Insurance Code.

44. Plaintiffs reincorporate by reference the above paragraphs as if stated herein more fully.

45. TWIN CITY violated the TEXAS INSURANCE CODE § 541 et seq. because they engaged in unfair and/or deceptive acts or practices in the business of insurance. Specifically, its acts and omission include violation of:

    (a)    Tex. Ins. Code §541.051;

    (b)    Tex. Ins. Code §541.052;

    (c)    Tex. Ins. Code §541.059;

    (d)    engaging in unfair settlement practices by:

        (i)    misrepresenting to Plaintiffs a material fact or policy provision relating to coverage at issue TEX. INS. CODE §541.060(a)(1);

        (ii)    failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiffs' claim with respect to which liability has become reasonably clear TEX. INS. CODE §541.060(a)(2);

        (iii)    failing to promptly provide Plaintiffs a reasonable explanation of the factual and legal basis in the policy for the denial of the claim TEX. INS. CODE §541.060(a)(3);

        (iv)    failing to affirm or deny coverage within a reasonable time or submit a reservation of rights letter TEX. INS. CODE §541.060(a)(4); and

*Plaintiffs' Original Petition*         Page **10** of **15**



TRUE AND CORRECT COPY OF ORIGINAL FILED IN SABINE COUNTY DISTRICT CLERK'S OFFICE PG 10 OF 15

      (v)     refusing to pay a claim without conducting a reasonable investigation of the claim Tex. Ins. Code §541.060(a)(7).

(e)    misrepresenting Plaintiffs' insurance policy by:

    (i)    making an untrue statement of material fact Tex. Ins. Code §541.061(1);

    (ii)   failing to state a material fact that is necessary to make other statements made not misleading, considering the circumstances under which the statements were made Tex. Ins. Code §541.061(2); and

    (iii)  making a statement in such a manner as to mislead a reasonably prudent person to a false conclusion of a material fact Tex. Ins. Code §541.061(2); and

(f)    §17.46(b) of the Texas Deceptive Trade Practice Act, incorporated by Texas Insurance Code §541.151.

46.    Defendant's conduct was committed knowingly because it had actual awareness of the falsity, unfairness or deception of their acts or practices made the basis for Plaintiffs' claim for damages under the Texas Insurance Code.

47.    Plaintiffs gave Defendant notice as required by §541.154 of the Texas Insurance Code. The time to respond to such notice has expired.

48.    Defendant's conduct described above was a producing cause of Plaintiffs' damages.

COUNT 4:  TWIN CITY   violated the Texas Prompt Payment of Claims Act

49.    Plaintiffs reincorporate by reference the above paragraphs as if stated herein more fully.

50.    TWIN CITY   violated the Texas Insurance Code §§ 542.051 et seq. and 542A.001 et seq. because it failed to do the following within the statutorily mandated time of receiving all necessary information:

(1) Failing to timely acknowledge the Plaintiffs' claim;

(2) Failing to commence an investigation of Plaintiffs' claim;

(3) Failing to request all information reasonably necessary to investigate Plaintiffs' claim within the statutorily mandated deadlines;


TRUE AND CORRECT COPY OF ORIGINAL FILED IN SABINE COUNTY DISTRICT CLERK'S OFFICE PG 11 OF 15

(4) Failing to give proper notice of the acceptance or rejection of part or all of Plaintiffs'
    claim;

(5) Failing to accept or deny Plaintiffs' full and entire claim within the statutorily
    mandated time of receiving all information;

(6) Failing to pay Plaintiffs' claim or portions of the claim without delay; and

(7) Failing to include the requisite penalty interest on any and all payments made beyond
    the statutorily designated time to make payment in full for Plaintiffs' claim.

51.    TWIN CITY   violated the Texas Insurance Code section 542 by:

(1) Knowingly misrepresented to the Plaintiffs pertinent facts or policy provisions relating
    to coverage;

(2) Failing to adopt and implement reasonable standards for the prompt investigation of
    claims arising under the policy;

(3) Not attempting in good faith to affect a prompt, fair, and equitable settlement of the
    claim when liability became reasonably clear; and

(4) Compelling Plaintiffs to institute a suit to recover an amount due under the policy by
    offering substantially less than the amount ultimately recovered in the suit brought by
    Plaintiffs.

52.  ₋ Such failures constitute violations of Texas Insurance Code Section 542.055, 542.056,

542.057, and 542.058. As a result of the foregoing violations, Plaintiffs requests damages under

Texas Insurance Code section 542.060.

        COUNT 5: TWIN CITY   breached its duty of good faith and fair dealing.

53.    Plaintiffs reincorporate by reference the above paragraphs as if stated more fully herein.

54.    TWIN CITY   owed Plaintiffs a duty of good faith and fair dealing including the duty to

pay covered claims when liability is reasonably clear. TWIN CITY   breached this duty when it

conducted an unreasonable investigation, denied Plaintiffs' claim, and misrepresented material

facts because Defendant knew or should have known that it was reasonably clear that Plaintiffs'

claim was covered. Defendant's breach of this duty was a proximate cause of Plaintiffs' damages.

*Plaintiffs' Original Petition*          Page **12** of **15**



TRUE AND CORRECT
COPY OF ORIGINAL
FILED IN SABINE COUNTY
DISTRICT CLERK'S OFFICE
PG  12  OF  15

COUNT 6: Fraud / Gross Negligence

8.      Plaintiffs reincorporate by reference the above paragraphs as if stated more fully herein.

9.      TWIN CITY made various representations to the Plaintiffs regarding their claim, including material representations regarding the extent of damages sustained to Plaintiffs' home, material representations regarding policy coverages, whether or not claims were covered, the value of claim, the application of policy exclusions, and the severity of the damage which were material and false. At the time TWIN CITY made the representations they knew the representations were false or made the representations recklessly as a positive assertion without knowledge of the truth. Defendant made these representations with the intent that the Plaintiffs act on them by not further pursuing claim or thinking there was no other money to recover. Plaintiffs relied on the representations, and this caused injury.

10.     A breach of fiduciary duty is a form of constructive fraud. The acts and omissions of TWIN CITY constitute constructive fraud.

## IX.
## AMBIGUITY

55.     The policy in place at the time of the date of loss, policy number 61RBB829441 contained patent and latent ambiguities concerning the terms of the policy governing the Insureds' duties after loss.

## X.
## WAIVER AND ESTOPPEL

56.     TWIN CITY has waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiffs.



TRUE AND CORRECT COPY OF ORIGINAL FILED IN SABINE COUNTY DISTRICT CLERK'S OFFICE PG. 13 OF 15

## XI.
## DAMAGES

57.    As a direct result of Defendant's conduct, Plaintiffs have suffered economic damages all of which they are entitled to recover. Plaintiffs are entitled to recover, in addition to the amount of the claim, interest on the amount of the claim at the rate of 10 percent a year as damages, together with reasonable attorney's fees. Plaintiffs are also entitled to recover mental anguish damages because Defendant acted in bad faith and because Defendant's knowing conduct was the producing cause of Plaintiffs' mental anguish.

58.    Pursuant to the DTPA and the TEXAS INSURANCE CODE, Plaintiffs are also entitled to recover treble damages because Defendant's conduct was committed knowingly.

59.    Plaintiffs are entitled to exemplary damages as a result of Defendant's breach of duties owed. When viewed objectively from the standpoint of the Defendant at the time of the occurrence in question, Defendant's conduct involved an extreme degree of risk, considering the probability and magnitude of the harm to others and which the Defendant had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others.

## XII.
## ATTORNEY'S FEES

60.    Pursuant to TEXAS CIVIL PRACTICES & REMEDIES CODE §§38.001, *et seq*., DTPA § 17.50(d), and TEXAS INSURANCE Codes § 541.152 and §542.060, Plaintiffs seek recovery of their reasonable and necessary attorney's fees and court costs.

## XIII.
## PRAYER AND JURY DEMAND

61.    For these reasons, Plaintiffs ask that they have judgment against Defendants for economic damages, mental anguish damages, treble damages, exemplary damages, reasonable and necessary


TRUE AND CORRECT
COPY OF ORIGINAL
FILED IN SABINE COUNTY
DISTRICT CLERK'S OFFICE
PG____14____OF__15____

attorney fees, pre-judgment, and post-judgment interest as allowed by law, costs of suit, and all

other relief to which Plaintiffs may show themselves entitled. Plaintiffs request a trial by jury.

Respectfully Submitted,
THE BRASHER LAW FIRM, PLLC

By: _____

Clint Brasher
Texas Bar No. 24009915
clint@brasherattorney.com
Nishi Kothari
Texas Bar No. 24087862
nishi@brasherattorney.com
Joe Muckleroy
Texas Bar No. 24065801
joe@brasherattorney.com
1122 Orleans St.
Beaumont, Texas 77701
(409) 832-3737 Telephone
(409) 832-3838 Fax
*Attorneys for the Plaintiffs*

CERTIFIED COPY CERTIFICATE
STATE OF TEXAS COUNTY OF SABINE
I hereby certify that the above is a true and correct
copy of the original record on file in my office.

**APR 2 5 2022**

LISA PITRE, DISTRICT CLERK, SABINE CO., TX
By _____
Deputy

*Plaintiffs' Original Petition*        Page **15** of **15**

TRUE AND CORRECT
COPY OF ORIGINAL
FILED IN SABINE COUNTY
DISTRICT CLERK'S OFFICE
PG 15 OF 15